# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**TORRIS BOCLAIR,**

**Plaintiff,**

v.

**Case No. 24-CV-1230**

**PAM SHURPIT,**

**Defendant.**

## DECISION AND ORDER

Plaintiff Torris Boclair, who was previously incarcerated and is representing himself, brings this lawsuit under 42 U.S.C. § 1983. Boclair was allowed to proceed on an Eighth Amendment claim that defendant Pam Shurpit was deliberately indifferent to a substantial risk of serious harm when she ignored Boclair's tomato allergy. The parties filed cross motions for summary judgment. (ECF Nos. 31, 39.) Briefing on the motions are complete and the motions are ready for resolution. The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 16.)

### FACTS

At all times relevant Boclair was incarcerated at Dodge Correctional Institution, where Shurpit was the Food Services Administrator. (ECF No. 33, ¶¶ 1-2.) Sometime prior to June 25, 2024 (it is unclear from the record when), Boclair tested positive for a tomato allergy, and on June 25, 2024, he was issued "a no-tomato diet order", which Shurpit signed. (*Id.*, ¶ 22.) This meant that at meal times Boclair was entitled to receive

a special diet tray, prepared by inmate kitchen workers who were supervised by Certified Food Service Leads (CFSLs). (*Id.*, ¶¶ 9-10.) The CFSLs were designated by Shurpit "to maintain daily operations of food services at the institution," and Shurpit asserts that she "generally was not involved in the service of diet trays to the inmates, unless specific assistance was requested from her." (*Id.*, ¶¶ 9-11.)

On August 2, 2024, Boclair contacted the Health Services Unit (HSU) staff stating that he had chest pain, felt "wheezy and dizzy and had a sore throat and cough" which began after he ate dinner. (ECF No. 33, ¶ 23.) Boclair informed HSU staff that he had tacos for dinner and that he had a tomato allergy. (*Id.*, ¶ 24.) HSU recognized that he possibly could have ingested tomatoes and had an allergic reaction. (*Id.*)

On August 14, 2024, Boclair noticed a tomato on his food tray and reported it. (ECF No. 33, ¶ 28.) Boclair did not eat the tomato. (*Id.*, ¶ 31.)

Shurpit asserts that, prior to the August 14 incident, she was unaware that Boclair consumed tomatoes on August 2, 2024. (ECF No. 33, ¶ 28.) Boclair states that, in following the procedure to file an inmate complaint, on August 2 he wrote a request to Shurpit about the incident but she never responded. (ECF No. 41, ¶ 3.) He states that Exhibit 3, which is attached to his response materials, demonstrates this. (*Id.*)

However, Boclair's Exhibit 3 does not support this assertion. Instead, in the summary of facts section it states, "The inmate did not contact any staff member at the time of the incident on 8/2/24 to inform them he had taco sauce on his tray or to ask if the sauce contained tomatoes. His submission refers to contacting staff from an incident on 8/14/24." (ECF No. 41-1 at 4-5.) There is no other evidence that Boclair informed

2

Shurpit or any of the food services staff about the August 2 incident prior to August 14. Boclair did write HSU several times between August 2 and August 14 about the issues with his food tray. (ECF No. 33, ¶ 32.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406

3

F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Boclair claims that Shurpit violated his Eighth Amendment rights because she knew he had a tomato allergy but he still was served food with tomatoes on two occasions.

Boclair does not demonstrate that Shurpit was involved with serving him tomatoes on either August 2 or August 14. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must show that the individual defendant personally acted in some way to violate his rights.

At most Boclair argues that, because Shurpit knew he had a tomato allergy, she had a responsibility to ensure that her staff followed the appropriate dietary restrictions. Essentially, Boclair is arguing that Shurpit should be held liable because she was the supervisor of the kitchen staff that twice fed him tomatoes. However, supervisors can be held liable for constitutional violations caused by their employees only where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant*, 347 F.3d at 1039.

In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.*; *See also*, *See Durley v. Wilson*, 21-cv-822-pp, 2022 WL 1691349 at *2 (E.D. Wis. May 26, 2022) (dismissing a case at screening because a food supervisor cannot be found liable for the actions of the employees who put together food trays). Boclair does not provide any admissible evidence that Shurpit was aware prior to August 14, after the second incident occurred, that he had received tomatoes. While he states that he wrote to her on August 2 and never received a response, the documentation he points to in support of this assertion actually contradicts it. It clearly states he only contacted food staff on August 14, 2024. (ECF No. 41-1 at 4-5.) All other communication was with the HSU.

Even if Boclair wrote Shurpit on August 2 and she was aware of the first incident prior to the occurrence of the second incident, her actions still do not rise to the level of a constitutional violation. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and a subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original).

5

"Mere negligence, or even objective recklessness, is not enough." *Rodgers v. Rankin*, 9 F.4th 415, 419 (7th Cir. 2024). Boclair presents no evidence that Shurpit actually knew that he was receiving tomatoes and then disregarded the risk. Assuming she knew about the August 2 incident, Boclair presents no evidence that she knew her staff would also put tomatoes on his August 14 tray. Shurpit's failure to ensure that her staff was properly preparing diet trays after allegedly being notified of the August 2 incident would, at best, amount to negligence.

Summary judgment is granted in Shurpit's favor.

### CONCLUSION

For the foregoing reasons, Shurpit's motion for summary judgment is granted and Boclair's motion for summary judgment is denied. Shurpit also argued that she is entitled to qualified immunity. Because the court has found in her favor on the merits, it does not need to address the qualified immunity argument. Because there are no remaining claims, the case is dismissed.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Shurpit's motion for summary judgment (ECF No. 31) is **GRANTED.**

**IT IS FURTHER ORDERED** that Boclair's motion for summary judgment (ECF No. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

6

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 24th day of June, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

7